### LAWTON FOSTER *vs.* WEEDEN H. BERRY.

The return of an execution by a sheriff is, in Rhode Island, not necessary to vest in a purchaser at the execution sale the defendant's interest in realty sold under the execution.

Nor does the validity of the purchaser's title depend on the sheriff's leaving a copy of the execution with the town clerk, as required by Pub. Stat. R. I. cap. 223, § 12.

Where a plaintiff's case rested on the invalidity of a sheriff's sale, the burden of proof being on the plaintiff:

*Held,* that the legal presumption that the sheriff's return set forth all which he did, was balanced by the contrary presumption that the sheriff performed his statutory duty. Hence the plaintiff should have shown, by extrinsic evidence, neglect of duty on the sheriff's part.

EXCEPTIONS to the Court of Common Pleas.

*Providence, December* 31, 1884. DURFEE, C. J. This case comes up on exceptions from the Court of Common Pleas. The action is *assumpsit* to recover, with interest, $100, paid by the plaintiff to the defendant for certain real estate sold and conveyed, or ostensibly sold and conveyed, to the plaintiff by the defendant, as sheriff, under an execution, in March, 1868. At the trial in the court below, the plaintiff adduced testimony to show that the defendant had not returned the execution into court, and also that the proceeds of the sale were more than enough to pay the execution, costs, and charges, and that the sheriff had not lodged the surplus in the general treasury; and he claimed that, in consequence of these neglects, he had failed to acquire any title to the estate bought by him. The defendant produced the execution, with a return thereon, and testified that he had returned it into court, and that it was taken out for examination by the late Judge Potter, and that he had obtained it from him. The court instructed the jury to render a verdict for the defendant. The question is, was the instruction erroneous ?

We do not think that any return was necessary to vest the title in the purchaser, for the statute provides that the sheriff's deed, given in pursuance of the statute, shall vest in the purchaser, at an execution sale of real estate, all the estate, right,

and interest which the debtor had therein. Rev. Stat. R. I. cap. 195, § 13 ; Pub. Stat. R. I. cap. 223, § 14.[1] If, then, the sale was legal, the plaintiff acquired by the deed all the right, title, and interest of the debtor in the estate sold, and no subsequent neglect of the sheriff could divest it. It is true that a neglect to return the execution might make it difficult or impossible for the plaintiff to establish his title by the proper record evidence, but a title which has once vested does not become extinct when it becomes incapable of proof. It is for the plaintiff to show that he did not acquire any title in order to recover in this form of action. In Massachusetts and Connecticut a return of the execution is necessary to vest the title by the statutes of these States, and therefore the cases cited from these States are not precedents for us.

The plaintiff points out certain defects and omissions in the return, chief among which is an omission to show that the execution sale was duly advertised in some newspaper in the county, and he contends that, in consequence thereof, his title is invalid. The burden of proof, however, is on the plaintiff, and it does not follow that the sale was not advertised because the return fails to show it. The return does not purport on its face to be a statement of everything that was done in the service of the execution, and we do not find any language in it which implies that the sale was not advertised. It may be argued that the presumption is that everything that was done appears in the return, because the officer is directed to return the writ with his doings thereon. But it may likewise be argued that the presumption is that the defendant did not sell before advertising the sale, because the statute makes it his duty to advertise before selling. Both presumptions are equally strong, and therefore all we can say is that

---

[1] As follows :

SECT. 14. If no person appear to redeem the said estate, the officer shall sell the same, or so much thereof as shall be sufficient to satisfy the judgment obtained and the costs and charges, at public auction, and a deed thereof, by him given, shall vest in the purchaser all the estate, right, and interest which the debtor had there in at the timesaid estate was attached, or, in case there were no attachment, levied on as aforesaid, and the surplus of the money that shall arise from the sale of said estate, after satisfying the execution and the costs and charges, shall be deposited with the general treasurer for the owner thereof and be liable to be attached for his other debts.

the return does not show whether the sale was duly advertised or not. Consequently it was for the plaintiff to show the omission to advertise by extrinsic evidence, and he adduced no such evidence. In a proper case, of course, the defects and omissions in the return may be supplied by amendment.

The plaintiff makes the point that he acquired no title, because the copy of the execution which the defendant left with the town clerk under Pub. Laws R. I. cap. 268, passed at the January session of the General Assembly in 1858,[1] was grossly inaccurate. We think the validity of the title does not depend on the leaving of the copy. The leaving of the copy is not necessary to perfect the levy, for the levy is to be made before the copy is left. Nor is it required as additional notice of the sale, for the statute does not direct *when* the copy shall be left, and it may be left immediately after the levy, before the sale is notified, and, moreover, if the estate has been previously attached, no copy is required. Evidently the purpose is notice to intending purchasers and incumbrancers. Doubtless it is the duty of the officer charged with the execution to leave the copy, and, if he neglects the duty, he may be responsible to any person who suffers by the neglect; but the duty being rather collateral to the proceedings under the levy than a part of them, we do not think the sale will be thereby invalidated.                                     *Exceptions overruled.*

*A. B. Crafts*, for plaintiff.

*Nathan F. Dixon*, for defendant.

---

[1] See Pub. Stat. R. I. cap. 223, § 12, for the provision revised. It is as follows:

Sect. 12. Whenever execution shall be levied upon real estate which was not attached on the original writ or writ of mesne process, the officer shall, in addition to carrying out the requirements of the preceding section, leave a copy of the execution, with his doings thereon, with the town clerk of the town in which such real estate shall lie, unless such real estate shall be situate in the city of Providence, in which case he shall leave such copy with the recorder of deeds of said city, and the said recorder of deeds shall note upon such copy the exact time, as near as may be, when the same was left with him, and shall also enter in a book, to be kept by him for that purpose, the names of the parties in such execution, the amount of the judgment, the time when such copy was left with him, and the court and term to which such execution is returnable, and shall be entitled to demand and receive from such officer a fee of twenty five cents in each case.